UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARTHA A. TARTAL,
Plaintiff-Appellant,

v.

WILLIAM J. HENDERSON, Postmaster
General,
Defendant-Appellee.

No. 99-2007

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-539-AMD)

Submitted: February 22, 2000

Decided: April 17, 2000

Before MURNAGHAN, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James J. Nolan, Jr., W. Michel Pierson, PIERSON, PIERSON &
NOLAN, Baltimore, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Nadira Clarke, Assistant United States Attor-
ney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martha A. Tartal appeals the district court's order granting summary judgment to William J. Henderson, Postmaster General, and dismissing Tartal's employment discrimination complaint alleging a hostile work environment based on her sex. The district court held that Tartal did not contact an Equal Employment Opportunity ("EEO") counselor within forty-five days of the alleged discriminatory events that created the hostile work environment. See 29 C.F.R. § 1614.105 (1999). Finding no reversible error, we affirm.

The record shows that Tartal believed she had an actionable discrimination complaint as early as April 1996. Furthermore, the only events that occurred within the forty-five-day period prior to meeting with the EEO counselor are insufficient to establish a continuing violation. Tartal does not contest the dismissal on the merits of these claims. See Beall v. Abbott Lab., 130 F.3d 614, 621 (4th Cir. 1997) (noting that the continuing violation theory is available "only where an actual violation has occurred within that requisite time period" (internal quotation marks omitted)). Nor can Tartal successfully assert equitable estoppel as a bar to Henderson's assertion of untimeliness. Tartal acknowledged that she knew she could initiate formal proceedings and that in September 1996, the Postal Police suggested that she file an EEO complaint. She did not heed this advice. We find that she was not diligent in preserving her legal rights. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Tartal also asserted that the district court erred by proceeding with summary judgment without allowing her additional time to secure the deposition of Gwen Gales, one of Tartal's supervisors. The record is ambiguous as to whether Tartal made a proper showing under Fed. R. Civ. P. 56(f).* In addition, although Tartal noted at the summary

_____

*Although Tartal submitted a declaration arguably requesting an opportunity to conduct discovery, the declaration did not specifically

2

judgment hearing that Gales' deposition would be essential to oppose the motion, Tartal did not specifically object at the hearing, nor did she formally move for a continuance. Therefore, we find that the court did not abuse its discretion in conducting the proceeding without the additional discovery. See Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

_____
mention Gales nor did it articulate any reasons why discovery was necessary. It simply asserts that "I do not believe that it would be fair to consider the defendant's motion until I have had the opportunity to conduct pretrial discovery." (J.A. at 15.)

3